UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN M. SWANT,<br><br>Defendant. | Case No. 3:22-cr-00121-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Shaun Swant's motion for early termination of supervised release (Dkt. 2). For the reasons explained below, the Court will deny the motion.

### BACKGROUND

On February 27, 2018, Mr. Swant pled guilty to one count of possession of child pornography in the District of Rhode Island. Mr. Swant was thereafter sentenced to 30 months imprisonment, followed by five years of supervised release. *See Judgment*, Dkt. 1-2.

On November 12, 2020, Mr. Swant began supervised release, which is set to end on November 11, 2025. Approximately two years later, jurisdiction over Mr. Swant's supervision was transferred from the District of Rhode Island to the

District of Idaho.

On March 9, 2023, Mr. Swant filed a motion for early termination of his supervised release. *See Def.'s Br.*, Dkt. 2. Mr. Swant contends that he has had no violations during supervision, completed a community treatment program, become an active member in a local church, and has started two local businesses. *Id.* at 1.

The government opposes the early termination of Mr. Swant's supervised release. Although it challenges multiple aspects of Mr. Swant's motion, the government's underlying argument is that early termination is not proper because Mr. Swant's limited time under supervision is insufficient to determine if he will remain a law-abiding citizen.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after a defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;

    (3) protection of the public;

    (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

    (5) the sentence and sentencing range established for the category of defendant;

    (6) any pertinent policy statement by the Sentencing Commission;

    (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. 18 U.S.C. § 3583(e)(1). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

While Mr. Swant has served the requisite year of supervision and—as far as the Court can decern—has incurred no violations, the Court is not persuaded that early termination is warranted at this time. While the Court commends Mr. Swant on the strides he has taken during supervision, and his continued compliance and completion of his community treatment program are commendable, compliance with the terms of supervision "is to be expected." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (citing *United States v. Miller,* 205 F.3d 1098, 1101 (9th Cir.2000)).

Before reviewing the relevant § 3553 factors, the Court will address the primary concerns raised in Mr. Swant's motion. *See Def.'s Br.* at 1-2, Dkt. 2. Specifically, Mr. Swant claims that his supervision is impeding his reintegration into his community because the travel restrictions and requirements are damaging his friends and family members, including his son, and the financial burdens that accompany supervision are preventing his wife from being able to afford various aspects of life. *Id.* The Court finds that, without more information, Mr. Swant's proffered reasons do not justify the early termination of his supervision.

First, it is unclear what travel Mr. Swant has been prohibited from taking, and what "restrictions and requirements" Mr. Swant believes demand such an outcome. Although the terms of Mr. Swant's supervision require prior approval before leaving the District, there is no outright prohibition on travel. *See Judgment*,

Dkt. 1-2. Given Mr. Swant's compliance with the terms of supervision over the past three years, the Court assumes that, with proper planning, Mr. Swant would be permitted to visit his son. Moreover, even assuming Mr. Swant cannot travel outside the District, it is unclear how that significantly impedes his reintegration into the community. While Mr. Swant's supervision places conditions on his travel, there is nothing preventing his family and friends from visiting him.

Similarly, Mr. Swant's vague reference to the potential issues created by the financial burdens of supervision is insufficient to demonstrate that early termination is justified. Again, Mr. Swant fails to adequately inform the Court of what expenses he is required to bear as part of his supervision, what exactly he cannot afford, and how the termination of supervision would ultimately eliminate the alleged financial barrier. Additionally, while the Court recognizes that supervision surely results in some financial burden to Mr. Swant, this burden is not unique to him. Rather, the imposition of some financial obligation is common to almost all supervisees. Accordingly, the Court sees no reason to terminate Mr. Swant's supervision because it comes at some expense to him.

Turning to the relevant § 3553(a) factors, the Court finds that early termination is not favored. As the government notes, Mr. Swant's original sentence was well below the guideline range. Specifically, Mr. Swant was sentenced to 30 months incarceration compared to the advisory guideline range of 97 to 121

months. More importantly, Mr. Swant's five-year term of supervised release matches the mandatory minimum for a charge of possession of child pornography, far below the guideline recommendation—of a term of life. *See* U.S.S.G. § 5D1.2(b)(2) (under the guideline's policy statement, if the convicted offense is a sex offense, "the statutory maximum term of supervised release is recommended.").

Despite receiving the minimum term of supervision, Mr. Swant now requests that the Court shorten his supervision even further. The Court, however, finds that continued supervision is necessary for the public's protection and deterrence. Although Mr. Swant has completed nearly three years of supervision, he has only been under this District's jurisdiction for roughly a year. Moreover, Mr. Swant's crime was undeniably serious and creates significant concern for the safety of some of the most vulnerable members of society—children. Simply put, with such limited time under supervision in this District—and overall—the Court cannot confidently say Mr. Swant no longer poses a threat to the public's safety.

Additionally, the Court finds that terminating Mr. Swant's supervision years before the statutory minimum would diminish the deterrent impact of Mr. Swant's sentence on both a personal and societal level. The Court advises Mr. Swant that continued supervision is not intended to punish Mr. Swant but rather to aid in his continued success. *United States v. Campbell*, No. 1:12-CR-00155-BLW, 2022


WL 3227735, at *2 (D. Idaho Aug. 10, 2022) ("As the Court has said in other cases, the mere fact of supervision can provide an impetus for continued success."). Again, the Court applauds Mr. Swant's performance on supervision but shares the government's belief that termination of supervision at this point is premature. Accordingly, the Court will deny Mr. Swant's motion.

## ORDER

**IT IS ORDERED that** Defendant Shaun Swant's Motion for Early Termination of Supervision (Dkt. 2) is **DENIED.**

DATED: November 1, 2023

_____
B. Lynn Winmill
U.S. District Court Judge